IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTINA M. CRIPPS AND DYLAN DAVID-LEE CRIPPS, **Plaintiffs,** v. AARON SCHUTT, et al., **Defendants.** | Case No. 25-CV-00347-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on a Motion for Leave to Proceed *in forma pauperis* ("IFP") filed by *pro se* Plaintiffs Kristina M. Cripps and Dylan David-Lee Cripps against the Williamson County Housing Authority; Property Managers Aaron Schutt and Cathy Small; Mark Sosnowski, the Director of Housing; and Jim Rasor, the County Commissioner. (Doc. 4). The Plaintiffs filed suit alleging that their "civil and constitutional rights" were violated (Doc. 3, p. 7) and that their "lease with housing was breeched [sic] by housing." (Doc. 4, p. 5). Also pending before the Court is a Motion to Appoint Counsel (Doc. 5) and a Motion for Service of Process at the Government's Expense (Doc. 6).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court

finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). The analysis of a complaint pursuant to § 1915(e)(2)(B)(ii) "is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires the Court to determine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Jones v. Lumpkin*, No. 23-CV-4644, 2023 WL 8879767, at *2 (E.D. Pa. Dec. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted)) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

When assessing the Plaintiffs' Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id*. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id*. at 404.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Indeed, Federal Rule of Civil Procedure 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." "Moreover, '[a] litigant who appears pro se should not be treated more harshly for negligent errors than one represented by an attorney. Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human error . . . .'" *Sanders v. Melvin*, 25 F.4th 475 (7th Cir. 2022) (quoting *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 277 n.8 (7th Cir. 1986)).

Additionally, this Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). The Supreme Court has long instructed that "federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). In other words, this court cannot hear this action if it lacks subject matter jurisdiction, established through diversity citizenship of the parties under 28 U.S.C. § 1332 or pursuant to a federal question under 28 U.S.C. § 1331. Plaintiffs

have the burden to prove that subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

First, while the Plaintiffs insist that they are indigent (*see* Doc. 4), this Court notes that Plaintiff Kristina M. Cripps receives $967.00 per month in Social Security Supplemental Security Income payments. (*See id.*, pp. 5–10). Additionally, they did not complete the question in the form affidavit requiring that they list all real and personal property of value. (*See id.*, p. 3). Finally, while Kristina M. Cripps and Dylan David-Lee Cripps are both listed as Plaintiffs, the latter did not fill out a separate IFP affidavit. Curiously, both filed separate Consent forms. (*See* Docs. 8, 9).

Even assuming *arguendo* that they are indigent, the Plaintiffs' pleading itself is threadbare, yet also includes 171 pages of exhibits, including various complaints and grievances lodged against the Williamson County Housing Authority, Carterville Police Department incident reports, and photographs of purported text messages between the Plaintiffs and various Defendants. (*See generally* Doc. 3, Ex. 1). Plaintiffs state that their "lease with housing was breeched [sic] by housing" and they assert grievances including harassment by other tenants, the presence of black mold in their apartment, issues with the parking lot being blocked, and individuals breaking into their vehicle. (*See generally id.*; *id.*, Ex. 1). The Plaintiffs claim that they have "pictures & videos of tenants doing illegal things." (*Id.*, Ex. 1, p. 7).

However, while the Plaintiffs allege that the conditions in their housing unit are poor and that illegal activity is occurring, they do not indicate (1) which of their civil or constitutional rights has been violated or (2) their cause of action to bring suit

in U.S. District Court under 28 U.S.C. § 1331 pursuant to federal question jurisdiction. (*See* Doc. 3, p. 4). Notably, the portion of their complaint that requires the Plaintiffs to list the "specific federal statutes, foreign treaties, and/or provisions of the United States Constitution that are at issue in this case" is left blank. (*Id.*). Their Complaint and its voluminous exhibits only include various grievances associated with living conditions and alleged illegal activity of other tenants at their housing development. (*See generally* Doc. 3; *id.*, Ex. 1). Additionally, the Plaintiffs do not indicate what remedy or relief they seek; while asking for their "day in court" with their accusers (*id.*, Ex. 1, p. 8), they do not indicate what relief (either legal or equitable) they wish this Court to impose.

The Seventh Circuit has held that the statute creating the Section 8 housing program, *see* 42 U.S.C. § 1437f(o)(19); 24 C.F.R. § 982.1, "does not expressly 'create a private right of action' for tenants to sue landlords who provide subpar maintenance," nor "is a private right of action implied by the statute's language; the statute requires the federal agency only to establish 'housing quality standards' and the local housing authority to conduct inspections so that the unit is maintained according to those standards." *Davis v. Sellas*, 580 F. App'x 467, 468 (7th Cir. 2014) (citing *Hill v. Richardson*, 7 F.3d 656, 658 (7th Cir. 1993); 24 C.F.R. § 982.406; *Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 611 (5th Cir. 2001); 42 U.S.C. § 1437f(o)(8)). They note that "[t]his statutory language is merely a directive to federal and state agencies; it focuses on neither the tenant nor the landlord, and thus 'reveals no congressional intent to create a private right of action.'" *Id.* (citations omitted). Therefore, even if adequately pleaded, the Plaintiffs have no cause of action to sue any of the

Defendants via 42 U.S.C. § 1983 or under any other federal statute for improper maintenance or living conditions in their publicly funded housing.

The Plaintiff also filed a Supplement (Doc. 7) which includes additional emails and grievances. They did not seek authorization from this Court to file a supplemental pleading in accordance with Federal Rule of Civil Procedure 15(d). This Court will not accept piecemeal amendments to the operative pleadings in this case and this Supplement must be stricken from the docket.

Therefore, considering the above, the Plaintiffs have failed to meet their burden to prove that this Court has subject-matter jurisdiction over this lawsuit. 28 U.S.C. § 1915(e)(2) expressly states that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal" either "is frivolous or malicious" or "fails to state a claim on which relief may be granted." The Seventh Circuit has defined "frivolous" as "lack[ing] an arguable basis either in law or in fact." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Typically, "a dismissal for want of subject-matter jurisdiction is necessarily without prejudice because it does not preclude pursuit of the action in a different forum." *Kowalski v. Boliker*, 893 F.3d 987, 994–95 (7th Cir. 2018) (citing T.*W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997)); *see Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) (citing *Page v. Democratic Nat'l Committee*, 2 F.4th 630, 639 (7th Cir. 2021)). However, "while a frivolous suit does not engage the jurisdiction of the district court to decide the merits of the suit, the court has jurisdiction to determine its jurisdiction, and its determination precludes the plaintiff

from filing a new suit with the same jurisdictional defect." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002) (citing *Okoro v. Bohman*, 164 F.3d 1059, 1062–64 (7th Cir. 1999); *Smith–Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988)). Therefore, because their pleadings cannot be amended to bring them within federal jurisdiction, this Court need not provide the Plaintiffs with leave to amend in accordance with Federal Rule of Civil Procedure 15(a)(2).

Therefore, the Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (Doc. 4) is **DENIED** and this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket. Plaintiffs' Motion to Appoint Counsel (Doc. 5) and Motion for Service of Process at the Government's Expense (Doc. 6) are both **DENIED as moot**. The Clerk of Court is **DIRECTED to STRIKE** the Plaintiffs' Supplement (Doc. 7) from the docket.

The Plaintiffs are **WARNED** that if they continue to file frivolous pleadings that have previously been dismissed, the Court may impose sanctions that include, but are not limited to, a monetary fine and/or a filing restriction.

**IT IS SO ORDERED.**

**DATED:  March 20, 2025**

> **s/ *Stephen P. McGlynn***
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**